**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

State of Ohio

    Plaintiff,                                      Case No. 1:22-cv-673

    v.                                            Judge Michael R. Barrett

Paciieno Jah' Love El

    Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's January 12, 2023, Report and Recommendations ("R&R") recommending that this action be dismissed and remanded to Hamilton County Court of Common Pleas from which it was improperly removed; and recommending that pursuant to 28 U.S.C. § 1915(a) that an appeal of any order adopting the R&R would not be taken in good faith and therefore Defendant should be denied leave to appeal *in forma pauperis*. (Doc.13). Defendant has filed an "Affidavit of Facts," "Notice of Special Appearance" and a group of documents which has been identified in the docket sheet as a "Notice."  (Docs. 14, 15, 16).

**I.**    **BACKGROUND**

Defendant filed a *pro se* document that has been docketed as "Notice of Removal" in this federal court against Plaintiff State of Ohio on November 16, 2022, along with a Motion for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 1).  On January 12, 2023, the Magistrate Judge granted Defendant's Motion for Leave to Proceed in forma pauperis.  (Doc. 11).

According to the cover sheet of the complaint, Defendant is attempting to "remove" to this Court as a civil case an existing criminal case filed against Defendant in the Hamilton County Court of Common Pleas. *See* Hamilton County Criminal Case No. B2005828. According to the publicly available electronic records of the state court, Defendant is charged with eight counts: trafficking in fentanyl-related compound; trafficking in heroin; aggravated possession of drugs, aggravated trafficking of drugs, possession of a fentanyl-related compound, carrying concealed weapons; failure to comply with an order of signal of a police officer; and receiving stolen property.

Defendant's "Notice of Removal" consists of numerous allegations that closely resemble many filings made by "sovereign citizens." Defendant also alleges that criminal proceedings against him in state court are unconstitutional and unlawful, based in part upon Defendant's belief that the State of Ohio, is "an unconstitutional, private corporation." (Doc. 1-3, PAGEID 11).  Defendant demands monetary damages in this federal court against an extensive list of governmental entities and individuals loosely associated with the ongoing state criminal court proceedings. (Doc. 1-3, PAGEID 19-20).

The Magistrate Judge conducted a *sua sponte* review of Defendant's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Plaintiff who is immune from such relief. *Accord* 28 U.S.C. § 1915(e)(2)(B).  The Magistrate Judge noted that Defendant filed documents which incorporated verbiage commonly used in "sovereign citizens" cases; and the Sixth Circuit has affirmed summary dismissal of such cases and defenses in many contexts. (Doc. 13, PAGEID 580-581).  In addition, the Magistrate Judge explained that the attempted

removal of the state court action is improper pursuant to 28 U.S.C. § 1441(a) because Defendant is attempting to remove a criminal case, not a civil case. (Doc. 13, PAGEID 581-582).[1] Therefore, the Magistrate Judge recommends that this case be dismissed and the matter be remanded to state court. (Doc. 13, PAGEID 580).

In his Statement of Affidavit, Defendant does not make any specific objections to the Magistrate Judge's R&R but instead raises additional claims concerning insufficient processes, false claims, warrantless arrest, damages and injury. (Doc. 14, PAGEID 588, 592). Defendant also raises claims for violations of his right to a speedy trial and due process. (Doc.14, PAGEID 588).  Defendant demands the dismissal of "fictitious charges with prejudice." (Doc.14, PAGEID 592).  In addition, Defendant has filed a "Notice of Special Appearance," a document addressing the "Clearfield Doctrine," listings from the D&B Business Directory and a "Declaration of the Naturalization Act of July 1779."  (Docs. 14, 16).

## II.     ANALYSIS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.; *see also* 28 U.S.C. § 636(b)(1).  However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and

---

[1] The Magistrate Judge noted that even if Defendant was attempting to remove his state criminal case under 28 U.S.C. §1455, Defendant has not set forth any grounds to support removal.  (Doc. 13, PAGEID 582).

3

contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

As the Magistrate Judge explained, a defendant who files legal documents which incorporate verbiage commonly used in "sovereign citizen" cases is subject to summary dismissal. *See e.g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases and noting that the defendant's "legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."); *El Bey v. Doe*, 2017 WL 3923753 (W.D.N.Y., 2017) (dismissing federal habeas corpus case based upon "Moorish claims."). In addition, this Court "may remand a case *sua sponte* where the allegations which gave rise to the federal jurisdiction basis are insufficient to confer subject matter jurisdiction on the court." *Lexington-Fayette Urban County Government Civil Service Comm'n v. Overstreet*, 115 Fed. Appx. 813, 816-17 (6th Cir. 2004). Here, there is a lack of any federal subject matter jurisdiction, and therefore removal was improper.

Therefore, the Court finds no error in the Magistrate Judge's conclusion that this case should be dismissed and remanded to the Hamilton County Court of Common Pleas. *Accord Ohio v. Watson*, No. 1:22-CV-708, 2023 WL 2457039, at *3 (S.D. Ohio Mar. 10, 2023) (recommending remand based on improperly removed criminal case); *Ohio v. Murrell*, Case No. 1:21-cv-388, 2021 WL 3510314, at *1 (S.D. Ohio, Aug. 10, 2021), adopted 2021 WL 3883913 (S.D. Ohio, Aug. 31, 2021) (remanding improperly removed criminal case); *Ohio v. Horton*, Case No. 1:19-cv-838-SKB-SJD, 2019 WL 5059992, at *2

4

(S.D. Ohio, October 9, 2019), adopted in part, remanded and dismissed without prejudice at 2019 WL 5696065 (S.D. Ohio Nov. 4, 2019) (same).

The Court will now address one final matter. In Defendant's "Affidavit of Facts", he alleges claims concerning insufficient processes, false claims, warrantless arrest, damages, and injury. Defendant also raises claims for violations of his right to a speedy trial and due process. Even if the Court were to construe Defendant's response to the Magistrate Judge's R&R as a motion to amend his complaint to add these claims, Defendant has failed to include enough factual content to state a claim of relief which is plausible on its face. While a *pro se* litigant's pleadings must be liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.   CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's January 12, 2023, R&R (Doc. 13) is **ADOPTED**, and Defendant's Objections are **OVERRULED**. It is hereby **ORDERED** that:

1. This case is **DISMISSED** and **REMANDED** to the Hamilton County Court of Common Pleas from which it was improperly removed; and

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith, and therefore Defendant is **DENIED** leave to appeal i*n forma pauperis*. Defendant remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977).

**IT IS SO ORDERED.**

                                                                                                 */s/ Michael R. Barrett*
                                                                                        JUDGE MICHAEL R. BARRETT